**ORCHARD GARDENS COUNTRY CLUB, INC., Respondent,**

v.

**The COMMISSIONER OF REVENUE, Relator.**

No. 49904.

Supreme Court of Minnesota.

May 30, 1980.

Warren Spannaus, Atty. Gen., St. Paul, Thomas F. Van Horn, Chief Deputy Dakota County Atty., and Robert R. Distad, Asst. Dakota County Atty., Hastings, for relator.

Martin H. Otto, Burnsville, for respondent.

Heard before SHERAN, C. J., YETKA and SCOTT, JJ., and considered and decided by the court en banc.

YETKA, Justice.

This case concerns the valuation of the Orchard Gardens Country Club, Inc. ("Orchard Gardens") property pursuant to the Minnesota Open Space Property Tax Law, Minn.Stat. § 273.112 (1978). As of January 2, 1977, the Dakota County Assessor placed a market value of $3,500 per acre on the Orchard Gardens property and an "open space" value of $2,200 per acre on the same

property.[1] Orchard Gardens requested the Dakota County Board of Equalization to reduce both valuations, but the board declined to do so. Orchard Gardens then appealed the board decision to the Commissioner of Revenue, who denied Orchard Gardens' request for a lower valuation of the property. The commissioner's order of October 25, 1977, was appealed by Orchard Gardens to the tax court. By order dated January 10, 1979, the tax court affirmed the market value of $3,500, but reduced the open space value to $1,184 per acre. The Commissioner of Revenue petitioned for and received a writ of certiorari. We affirm.

The issues involved in this appeal are:

1. Does the Minnesota Open Space Property Tax Law, Minn.Stat. § 273.112 (1978), allow the Dakota County Assessor to determine that the open space value per acre for all golf courses in Dakota County is equal?

2. Did the tax court properly conclude that the open space value must be directly proportional to the estimated market value set by the Dakota County Assessor for each golf course?

Orchard Gardens Country Club, Inc., owns approximately 35 acres of land in Burnsville, Dakota County, which is operated as a nine-hole par three golf course. The City of Burnsville has zoned the land single family residential and issued a special use permit for a golf course.

The Dakota County Assessor placed an estimated market value of $3,500 per acre on the land, plus a value of $10,000 for a pro shop and machine shed located on the premises. The value placed on the buildings has never been in dispute, and the $3,500 market value is not now disputed by any of the parties.

The controversy in this appeal centers around the $2,200 per acre designated as the open space value for Orchard Gardens and all other golf courses in Dakota County.

The assessor placed a value of $2,200 on each acre of golf course land in the county despite the fact that the estimated market values varied from a low of $3,500 per acre to a high of $6,500 per acre. The assessor testified that recent sales of golf courses were used as a base for determining market values. He stated that current use was therefore a major factor in determining the market values, but that zoning was also a consideration.

The tax court found that the open space value had been arbitrarily set at $2,200 for each acre of golf course land. The court concluded that the open space value should be directly proportional to the market value of the land and determined the Orchard Gardens open space value as follows:

$$\frac{\$2,200 \text{ (open space value)}}{\$6,500 \text{ (highest market value)}} \times \frac{\text{(Orchard Gardens market value)}}{\$3,500} = \frac{\$1,184}{\text{(Orchard Gardens open space value)}}$$

The Commissioner of Revenue contests both the tax court's method of computing the open space value and its finding that the open space value for all golf courses may not be equal.

1. The pertinent portions of the Minnesota Open Space Property Tax Law are:

Subdivision 1. This section may be cited as the "Minnesota Open Space Property Tax Law."

Subd. 2. The present general system of ad valorem property taxation in the state of Minnesota does not provide an equitable basis for the taxation of certain private outdoor recreational, open space and park land property and has resulted in excessive taxes on some of these lands. Therefore, it is hereby declared that the public policy of this state would be best served by equalizing tax burdens upon private outdoor, recreational, open space and park land within this state through appropriate taxing measures to encour-

---

1. For 1975, the assessor had placed a market value of $2,200 on the property. Following appeals by Orchard Gardens, the tax court ordered a reduction of the fair market value as of January 2, 1975, to $1,650 per acre and the recreational (or open space) value to $1,000 per acre. This January 17, 1977, order of the tax court was not appealed, but the decision did not address the legal issue presented here and is therefore not determinative of this case.

age private development of these lands which would otherwise have to be provided by governmental authority.

Subd. 3. Real estate shall be entitled to valuation and tax deferment under this section only if it is:

(a) actively and exclusively devoted to golf or skiing recreational use or uses and other recreational uses carried on at such golf or skiing establishment;

(b) five acres in size or more; and

(c)(1) operated by private individuals and open to the public; or

(2) operated by firms or corporations for the benefit of employees or guests; or

(3) operated by private clubs having a membership of 50 or more.

Subd. 4. The value of any real estate described in subdivision 3 shall upon timely application by the owner, in the manner provided in subdivision 6, be determined solely with reference to its appropriate private outdoor, recreational, open space and park land classification and value notwithstanding Minnesota Statutes 1967, Sections 272.03, Subdivision 8, and 273.11. In determining such value for ad valorem tax purposes the assessor shall not consider the value such real estate would have if it were converted to commercial, industrial, residential or seasonal residential use.

Subd. 5. The assessor shall, however, make a separate determination of the market value of such real estate. The tax based upon the appropriate mill rate applicable to such property in the taxing district shall be recorded on the property assessment records.

Minn.Stat. § 273.112, subd. 1–5 (1978). There is no question that Orchard Gardens falls within the scope of subdivision 3 and is thus entitled to preferential tax treatment under this statute. The issue here is how the preferential treatment may be implemented consistent with the legislative intent and Minnesota law.

The relator is correct in stating that the determination of legislative intent is for all practical purposes confined to a reading of the statute since the available legislative history reveals nothing pertinent to the issue here. The relator argues that the determinative statutory language is that "the public policy of this state would be best served by equalizing tax burdens upon private outdoor, recreational, open space and park land within this state through appropriate taxing measures to encourage private development of these lands * * *." Minn.Stat. § 273.112, subd. 2 (1978).

■ The fact that all recreational lands in Dakota County have been valued for open space at $2,200 per acre, relator argues, shows that the assessor has properly carried out his duty to equalize the tax burden on such lands. The valuation of the assessor is prima facie valid, and the burden of proof rests upon the party asserting that his property has been inequitably assessed. *Red Owl Stores, Inc. v. Commissioner of Taxation*, 264 Minn. 1, 117 N.W.2d 401 (1962); *Schleiff v. County of Freeborn*, 231 Minn. 389, 43 N.W.2d 265 (1950). Relator contends that respondent has not met its burden of proof to show inequitable assessment because larger and better equipped golf courses pay larger taxes than Orchard Gardens. Those courses have more acreage and buildings with higher values than the small Orchard Gardens pro shop.

Respondent argues that the uniform $2,200 per acre valuation is invalid as a matter of law. First, Orchard Gardens contends that the Open Space Property Tax Law does not contemplate such an across-the-board valuation. Respondent focuses on the statutory language which provides that open space valuation shall "be determined solely with reference to its appropriate private outdoor, recreational, open space and park land classification and value * * *." Minn.Stat. § 273.112, subd. 4 (1978).

We agree with respondent that the reference to "appropriate open space classification and value" strongly suggests the legislature intended there to be several classes of open space land and recognized that open space has different values. Since subdivision 3 in effect limits the classes of property to which the statute is applicable to private

golf and skiing establishments, it is reasonable to believe the legislature envisioned varying values of golf courses.

Respondent relies additionally on the case of *In re Petition of Hamm v. State*, 255 Minn. 64, 95 N.W.2d 649 (1959). In that case, the petitioner's property was assessed at 34% of its market value, but similar property was assessed at 28–40% of its market value. We held that discrimination in the imposition of the tax burden resulting from systematic, arbitrary, or intentional undervaluation of some property as compared to other property of the same class violates the uniformity clause of the Minnesota Constitution and the equal protection clause of U.S.Const. Amend. XIV. *Id.*, 255 Minn. at 70, 95 N.W.2d at 654–55. The uniformity clause is presently found at Minn.Const. Art. X, Sec. 1 and provides that "Taxes shall be uniform upon the same class of subjects * * *."

We stated the following in explanation of the uniformity clause:

The right to uniformity and equality is the right to equal treatment in the apportionment of the tax burden. Uniformity of taxation does not permit the systematic, arbitrary, or intentional valuation of the property of one or a few taxpayers at a substantially higher valuation than that placed on other property of the same class. Neither does uniformity permit the adoption of an arbitrary yardstick of valuation for all properties which ignores their differences in actual market value.

*Id.*, 255 Minn. at 70, 95 N.W.2d at 654.

For this last proposition, we cited *Cumberland Coal Co. v. Board of Revision of Tax Assessments*, 284 U.S. 23, 52 S.Ct. 48, 76 L.Ed.2d 146 (1931). In that case, all coal in the same township had been assessed at the same valuation regardless of the quality of the coal and the accessibility of the coal to market. The Supreme Court found that this plan of assessment was systematic and intentional despite the belief of the authorities in its validity. *Id.* at 25, 52 S.Ct. 49. The court held that the petitioners were entitled to a readjustment of the assessments of their coal so as to put the assessments upon a basis of equality with due regard to differences in actual value. In this case, the Dakota County Assessor has placed a value on all golf course land without regard to actual value, much as all coal in a township was assessed at one value.

The tax court observed that by placing an arbitrary value on all lands used for golf courses, the more elaborate and sophisticated golf courses would bear an artificially lower share of the tax burden while the less elaborate course must pay a higher share. This observation is true despite the fact that the more sophisticated courses will pay more due to their more elaborate buildings and greater acreage. The result of the assessor's $2,200 per acre across-the-board valuation is thus inimical to the spirit of the uniformity clause. We affirm the tax court's conclusion that applying the $2,200 per acre valuation to all golf course properties is tantamount to the adoption of an arbitrary yardstick of valuation contrary to the intent of the statute and Minnesota law.

■ 2. The tax court determined the open space value for Orchard Gardens to be $1,184 per acre. This figure was derived by finding the ratio between the highest market value for a Dakota County golf course and the open space value and then applying the ratio to the $3,500 per acre market value of Orchard Gardens. The tax court's method makes the open space value directly proportional to the market value.

The relator contends that the tax court's method of determining the open space value is contrary to the statutory language that:

In determining such value [open space] for ad valorem tax purposes the assessor shall not consider the value such real estate would have if it were converted to commercial, industrial, residential or seasonal residential use.

Minn.Stat. § 273.112, subd. 4 (1978). Since the assessor takes zoning into account in determining the market value, the relator argues, any open space value based on market value must necessarily take into account the value of the land for alternative commercial or residential uses.

■ Respondent states that the tax court's method is a practical and simple

solution to a very complicated taxing problem, and we agree. The purpose of the statute is to assure that recreational lands will not be taxed at their full value for development purposes, but rather at their value for recreational purposes so as to encourage retention of the lands as recreational facilities. The tax court's method of determining open space value by taking a percentage of market value does reflect the difference between recreational value and market value of the land at its highest and best use. The assessor must, of course, be permitted some leeway in arriving at an open space valuation, but in this case, the tax court's method is a reasonable way of implementing the statutory purpose and must be affirmed.

Affirmed.